**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORDAN DEAN WENHOLD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-3681** |
| | : | |
| **LEHIGH COUNTY ADAULT** | : | |
| **PROBATION AND PAROLE,** | : | |
| **Defendant.** | : | |

**<u>MEMORANDUM</u>**

**SCHMEHL, J. /s/ JLS**                                              **FEBRUARY  22, 2021**

This matter comes before the Court by way of a Complaint (ECF No. 1), brought by

Plaintiff Jordan Dean Wenhold, proceeding *pro se*.  Also before the Court is Wenhold's Motion

for Leave to Proceed *In Forma Pauperis* (ECF No. 3) and his Prisoner Trust Fund Account

Statement (ECF No. 4).  Because it appears that Wenhold is unable to afford to pay the filing fee,

the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, the

Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii), and Wenhold will be granted leave to amend.

**I.      FACTUAL ALLEGATIONS[1]**

Wenhold, a prisoner currently incarcerated at State Correctional Institution – Mahanoy,

filed this civil rights action pursuant to 42 U.S.C. § 1983.  The only Defendant named in the

caption of the Complaint is Lehigh County Adult Probation and Parole.  (ECF No. 1 at 1.)[2]

Although he is not named as a Defendant in the caption, it appears Wenhold also seeks to bring

claims against his Probation Officer, Lee Kruger.  (*Id.*)  Wenhold alleges that in September of

---

[1]  The facts set forth in this Memorandum are taken from Wenhold's Complaint.

[2]  The Court adopts the pagination supplied by the CM/ECF docketing system.

2018 he was on probation and participating in sex offender treatment through "F.T.S."[3]  (*Id.*)

During that time, Wenhold alleges that he had five (5) teeth which needed to be evaluated by an

oral surgeon for removal.  (*Id.*)  According to Wenhold, he was seen by his oral surgeon on

September 11, 2018 regarding the need to have these teeth removed under sedation.  (*Id.*)

Wenhold asserts that the following day, September 12, 2018, his Probation Officer, Lee Kruger,

came to visit him at home, and at that time, Wenhold informed Kruger that he needed to have

oral surgery in two weeks to remove these teeth, particularly in light of the fact that two of the

teeth were "impacted in [Wenhold's] jaw bone."  (*Id.*)

According to Wenhold, Kruger went on to explain that if Wenhold "got kicked out of sex

offender treatment (F.T.S.), [Kruger] would give [Wenhold] two (2) weeks to find a new

treatment facility."[4]  However, Wenhold claims that just two days later, on September 14, 2018,

Kruger called Wenhold into his office and informed him that he had been "kicked out of [his]

sex offender treatment and that [he] was going to jail."  (*Id.* at 1-2.)  Wenhold alleges that

because Kruger "denied [him] the two (2) weeks to find a new treatment facility" as Kruger said

he would, Wenhold has been in jail since September 14, 2018 and his "dental issues have

gott[en] much wors[e] and more painful" since he was unable to follow up with his oral surgeon

after the September 11, 2018 appointment.  (*Id.* at 2.)  Based on these claims, Wenhold claims

that his constitutional rights under the Eighth and Fourteenth Amendments were violated and

that he was denied medical care and discriminated against based on his mental disability.  (*Id.*)

---

[3]  It appears that F.T.S. is Forensic Treatment Services.  *See Phillips v. Pennsylvania Bd. of Prob. & Parole*, No. 1241 C.D. 2011, 2011 WL 10844956, at *1 (Pa. Commw. Ct. Dec. 30, 2011) ("Phillips received sex offender treatment from Forensic Treatment Services (FTS).")

[4]  It is unclear from the Complaint why Wenhold and Kruger were discussing the possibility of Wenhold being "kicked out" of his sex offender treatment program, and whether that was related to Wenhold's need for oral surgery, or if it arose from a completely independent set of facts.

As a result, Wenhold seeks $720,000 in damages due to pain and suffering "from being denied [his] out pati[ent] dental/oral surg[e]ry" which has resulted in permanent damage in his mouth. (*Id.*)  Wenhold also alleges in passing that "[o]n the way to the jail, . . . Kruger assaulted [him] in the Courthouse elevator with his fellow Probation Officers around watching."  (*Id.* at 2.)

A review of public records indicates that a Gagnon I hearing was waived on September 24, 2018, and a Gagnon II hearing for Wenhold was held on October 24, 2018 before the Honorable James T. Anthony.  *See Commonwealth v. Wenhold*, CP-39-CR-0000579-2013 (C.C.P. Lehigh).  On October 24, 2018, Judge Anthony sentenced Wenhold to a minimum of twenty days to a maximum of twenty-three months and twenty-nine days imprisonment.  (*Id.* at 4.)  Since that sentencing, Wenhold has filed several motions for reconsideration and for parole, all of which have been denied or dismissed.  (*Id.* at 14-18.)

## II.     STANDARD OF REVIEW

The Court will grant Wenhold leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Wenhold is proceeding *pro*

---

[5] However, as Wenhold is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

*se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Claims Against Lehigh County Adult Probation and Parole

The only named Defendant in the caption of Wenhold's Complaint is Lehigh County Adult Probation and Parole, however, Wenhold's claims against this Defendant are barred by the Eleventh Amendment.  The Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."  *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005)).  As Pennsylvania has not waived its sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment operates as a bar to claims for damages under § 1983 against Lehigh County Adult Probation and Parole Services.[6]  Accordingly, Wenhold's claims against this Defendant will be dismissed with prejudice as amendment would be futile.

---

[6]  Similarly, to the extent Wenhold's Complaint could be construed as alleging an official capacity claim against Probation Officer Lee Kruger, such a claim would also fail.  As an employee of Lehigh County Adult Probation and Parole Services, official capacity claims against Probation Officer Kruger are also barred by the Eleventh Amendment.

**B.      Wenhold's Claims Related to Revocation Are Not Cognizable**

The precise nature of the claims Wenhold seeks to bring in this action is unclear. However, to the extent Wenhold's Complaint could be construed to raise claims that his constitutional rights have been violated in connection with the revocation of his probation, such claims are not cognizable.  Pursuant to the favorable termination rule, "a harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless that conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  To the extent he seeks to raise claims regarding the probation revocation proceedings, Wenhold's claims shall be denied without prejudice to refiling if his probation revocation is ultimately invalidated.  *See Brown v. City of Philadelphia*, 339 F. App' 143, 145-46 (3d Cir. 2009) (holding that a Section 1983 claim dismissed under the favorable termination rule should be done without prejudice).

**C.      Individual Capacity Claims Against Probation Officer Kruger**

**1.      Excessive Force**

Liberally construed, Wenhold's Complaint could be understood as seeking to raise a Fourth Amendment claim for excessive force against Kruger.  (*See* ECF No. 1 at 2) (alleging that "Kruger assaulted [Wenhold] in the Courthouse elevator").  "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its

'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989);[7] *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (citations omitted).

Wenhold's excessive force claim does not state a plausible claim as currently plead because he has not alleged facts that describe what happened to him in the courthouse elevator, what specific actions Kruger took against him in the elevator, how the events unfolded, or whether Wenhold suffered any injuries as a result. Rather, Wenhold makes only the conclusory allegation that Kruger "assaulted" him in the courthouse elevator. That conclusory allegation is insufficient to plausibly establish that Kruger used excessive force when interacting with Wenhold. Accordingly, as pled, the Complaint does not allege sufficient facts to plausibly suggest that the amount of force Kruger may have used in the elevator was unreasonable. Wenhold will, however, be granted leave to amend on his excessive force claim against Kruger or any other relevant individuals involved.

---

[7] Wenhold's excessive force claim is properly analyzed under the Fourth Amendment standard. *Cf. Nelson v. Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997) (holding that an excessive force claim stemming from the arrest of a parolee arose under the Fourth Amendment and was not affected by the plaintiff's parole status).

2.      **Denial of Medical Care**

Although the Complaint in this case is unclear, it appears that Wenhold is alleging that

Kruger's failure to grant him additional time to find a new sex offender treatment program

resulted in Wenhold being incarcerated prior to his scheduled oral surgery in September of 2018.

Liberally construed it seems that Wenhold is attempting to assert a claim against Kruger for

deliberate indifference related to his dental issues.[8]   To state a claim based on the failure to

provide medical treatment, a detainee must allege facts indicating that officials were deliberately

indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994);

*Hope v. Warden York Cty. Prison*, No. 20-1784, 2020 WL 5001785, at *12 (3d Cir. Aug. 25,

2020).  "A medical need is serious, . . . if it is one that has been diagnosed by a physician as

requiring treatment or one that is so obvious that a lay person would easily recognize the

necessity for a doctor's attention."  *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834

F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).  To establish a plausible deliberate

indifference claim, "the plaintiff must allege facts which, if true, would show that the official

being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that

he did in fact draw the inference, and then disregarded that risk."  *Farmer*, 511 U.S. at 834.

Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need

for medical treatment but intentionally refuses to provide it; (2) delays necessary medical

---

[8] As it appears that Wenhold was a pretrial detainee at the time of the events in question, the
Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir.
2005).  However, the standard under the Eighth Amendment and Fourteenth Amendment for
claims related to a prisoner's medical needs is essentially the same for purposes of the analysis.
*See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v.
Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address
whether a new standard applies to claims raised by pretrial detainees based on issues related to
medical care).

treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

As currently pled, Wenhold's Complaint does not set forth sufficient facts to state a plausible claim against Kruger[9] related to the denial medical care for his anticipated oral surgery. While it appears that Wenhold's probation revocation resulted in his inability to attend that appointment and have his surgery as planned, there are no allegations that Kruger was personally involved in the actual denial of this planned dental care or that Kruger otherwise prevented Wenhold from getting dental care he required.  Wenhold alleges that his initial appointment with the oral surgeon was on September 11, 2018, and that his surgery was scheduled for two weeks later, so sometime on or about September 25, 2018.  The only allegation against Kruger is that he took Wenhold into custody on September 14, 2018 for an apparent probation violation and took him to jail.  Without additional factual allegations, Wenhold has not stated a plausible claim for the denial of medical care against Kruger.  However, the Court will grant him leave to amend on this issue.

IV.    **CONCLUSION**

For the foregoing reasons, the Court will grant Wenhold leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28

---

[9]  While Wenhold clearly alleges that his confinement has resulted in the delay of his oral surgery, the Court does not understand Wenhold's Complaint to assert a claim for deliberate indifference to medical needs against any prison officials as Wenhold has neither named any prison officials as Defendants, nor has he made any allegations that he sought such care while incarcerated and this requests were denied, ignored, or otherwise delayed.

U.S.C. § 1915(e)(2)(B)(ii).  Wenhold's claims against Lehigh County Adult Probation and Parole and against Probation Officer Lee Kruger in his official capacity are dismissed with prejudice.  Any challenge by Wenhold to the revocation of his probation and his subsequent imprisonment, to the extent he is raising any, are dismissed without prejudice.[10]  Wenhold's claims against Kruger in his individual capacity are dismissed without prejudice to Wenhold filing an amended complaint in the event he can cure the defects outlined above and state a plausible claim against Kruger.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[10]  The dismissal is without prejudice to Wenhold filing a new case only in the event his underlying probation revocation is reversed, vacated, or otherwise invalidated.